STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott E. OBERST, Defendant-Appellant.†

Court of Appeals

*No. 2013AP1910–CR. Submitted on briefs March 19, 2014.
—Decided April 23, 2014.*

2014 WI App 58

(Also reported in 847 N.W.2d 892.)

† Petition for Review denied September 18, 2014.

278

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Terry W. Rose* of *Rose & Rose*, Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Daniel J. O'Brien*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. This appeal concerns whether the good faith exception to the exclusionary rule applies to evidence obtained when binding appellate precedent permitted the warrantless installation of and tracking by a global positioning system (GPS) device. Scott Oberst contends that as the installation of the GPS device on his vehicle was unconstitutional under *United States v. Jones*, 565 U.S. ___, 132 S. Ct. 945 (2012), the evidence that police obtained as a result of this Fourth Amendment violation should have been suppressed by the trial court. We conclude that because the officers who placed the GPS device on Oberst's vehicle did so in objectively reasonable reliance on then-existing precedent, the good faith exception applies and renders exclusion of the evidence an inappropriate remedy. We affirm the trial court.[1]

---

[1] We reached the same conclusion in *State v. Copeland*, No. 2012AP1170–CR, unpublished slip op. ¶ 9 (WI App June 26, 2013), *review denied*, 2014 WI 3, 352 Wis. 2d 353, 842 N.W.2d

## BACKGROUND

¶ 2. As part of an investigation into suspected illegal drug activity, Kenosha police affixed a GPS device to the exterior of Oberst's vehicle on July 8, 2011, while it was parked in the lot of an athletic club. The device was replaced on July 29, 2011, while the vehicle was parked in the same lot. Police used the data they retrieved from the GPS device to help gather evidence that led to four drug-related charges filed against Oberst in early August 2011.

¶ 3. The United States Supreme Court issued its *Jones* decision on January 23, 2012, during the pendency of Oberst's case. In *Jones,* the Court found that the installation of a GPS device on a person's vehicle for the purpose of gathering information and tracking the vehicle's movements constituted a Fourth Amendment search, requiring a warrant. *Jones,* 132 S. Ct. at 949. Following *Jones,* Oberst filed a motion to suppress "all evidence obtained both directly and derivatively as a result of the GPS device(s) placed on" his vehicle. The trial court agreed with Oberst that under *Jones,* the warrantless installation of the GPS device on Oberst's vehicle violated the Fourth Amendment. The court determined, however, that suppression of the evidence was not appropriate as at the time that police placed the GPS device on Oberst's vehicle, they were reasonably relying on existing binding precedent that told them they did not need a warrant. Oberst subsequently pled guilty to two drug-related charges in return for dismissal of the two other counts. Oberst now appeals on the limited issue of whether the trial court should have

361 (2013), an unpublished per curiam decision that may not be cited as precedent or authority. *See* Wis. Stat. Rule 809.23(3)(a) (2011–12). As the legal issues in this case and *Copeland* are the same, we borrow heavily from that decision.

granted his motion to suppress the evidence derived as a result of the unconstitutional installation of the GPS device.

## STANDARD OF REVIEW

██

¶ 4. At issue in this case is whether, despite the illegality of the search, the good faith exception to the exclusionary rule precludes suppression of evidence. This case presents a question of constitutional fact. *See State v. Dearborn*, 2010 WI 84, ¶ 13, 327 Wis. 2d 252, 786 N.W.2d 97. While we accept the trial court's factual findings unless clearly erroneous, the application of constitutional principles to those facts is a question of law that we review de novo. *Id.*

## DISCUSSION

¶ 5. The Fourth Amendment to the United States Constitution and article 1, section 11 of the Wisconsin Constitution prohibit unreasonable searches. A warrantless search is considered unreasonable in most circumstances. *See State v. Gracia*, 2013 WI 15, ¶ 12, 345 Wis. 2d 488, 826 N.W.2d 87. Exclusion of the evidence obtained as a result of law enforcement officers' misconduct is the common judicial remedy when there has been an unlawful search. *Dearborn*, 327 Wis. 2d 252, ¶ 15. However, suppression of evidence is not appropriate under the good faith exception to the exclusionary rule where the search has been "conducted in objectively reasonable reliance on binding appellate precedent." *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 2423–24 (2011).

██

¶ 6. In *Davis*, the United States Supreme Court addressed the good faith exception in the context of an

automobile search performed prior to the Court's decision in *Arizona v. Gant*, 556 U.S. 332 (2009), a case overturning precedent in many jurisdictions that permitted the search of an arrestee's car incident to arrest. *Davis*, 131 S. Ct. at 2424–26. The *Davis* Court ruled that although the automobile search in that case was unlawful under *Gant*, suppression was not an appropriate remedy. *Davis*, 131 S. Ct. at 2431–32, 2434. The *Davis* Court reasoned that the sole purpose of the exclusionary rule is to deter police misconduct and that where police perform a search in conformance with then-existing precedent, society's interest in deterrence is not sufficient to justify exclusion. *Id.* at 2432–34. The Court emphasized that "[p]olice practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield 'meaningful' deterrence, and culpable enough to be 'worth the price paid by the justice system.' " *Id.* at 2428. The *Davis* Court held:

> Because suppression would do nothing to deter police misconduct in these circumstances, and because it would come at a high cost to both the truth and the public safety, we hold that searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule.

*Id.* at 2423–24.

¶ 7. Our supreme court adopted this good faith exception to the exclusionary rule where officers conducted a search in reasonable reliance on then-existing precedent in *Dearborn*, 327 Wis. 2d 252, ¶ 51. Our courts historically have interpreted the protections against unreasonable searches provided by the Wisconsin Constitution in accord with the United States Supreme Court's interpretation of the Fourth Amendment. *Id.*, ¶ 14.

283

¶ 8. In this case, at the time that the officers installed the GPS device on Oberst's car, binding appellate precedent in Wisconsin held that "no Fourth Amendment search or seizure occurs when police attach a GPS device to the outside of a vehicle while it is in a place accessible to the public and then use that device to track the vehicle while it is in public view." *State v. Sveum*, 2009 WI App 81, ¶ 19, 319 Wis. 2d 498, 769 N.W.2d 53 (*Sveum I*). Because we determined that such circumstances did not constitute a search, we found police did not require a warrant prior to the installation of a GPS device. *Id.*, ¶ 6. Although *Jones* overruled this holding from *Sveum I* while Oberst's case was pending before the trial court, "the good faith exception precludes application of the exclusionary rule where officers conduct a search in objectively reasonable reliance upon clear and settled Wisconsin precedent that is later deemed unconstitutional by the United States Supreme Court." *Dearborn*, 327 Wis. 2d 252, ¶ 4. The good faith exception to the exclusionary rule applies in this case, and the trial court properly denied Oberst's motion to suppress.

¶ 9. Oberst argues that we should follow *Griffith v. Kentucky*, 479 U.S. 314 (1987), to apply *Jones* retroactively to exclude the evidence gained from the GPS device. We disagree that *Griffith* requires such a result. The remedy of suppression of evidence "is a separate, analytically distinct issue" from whether a new constitutional rule is applied retroactively under *Griffith* to find a Fourth Amendment violation. *Davis*, 131 S. Ct. at 2430–31. In such cases, suppression should be ordered "only where its 'purpose is effectively advanced,' " *id.* at 2431, i.e., to deter Fourth Amendment violations, *id.* at

2426. The exclusionary rule does not serve its purpose when police act with a reasonably good faith belief that their conduct is lawful. *Id.* at 2427–28. Therefore, application of the good faith exception to the exclusionary rule "neither contravenes *Griffith* nor denies retroactive effect" to *Jones. See Davis*, 131 S. Ct. at 2431.

## CONCLUSION

¶ 10. Law enforcement officers could reasonably rely on *Sveum I* to install and track GPS devices on vehicles without warrants prior to *Jones*, and the evidence derived from such warrantless searches should not be suppressed as suppression would impose "substantial social costs" without yielding "appreciable deterrence." *See Davis*, 131 S. Ct. at 2426–27 (citations omitted).

*By the Court.*—Judgment affirmed